KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

TODD B. TATELMAN
ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY A. HAMM
ASSISTANT COUNSEL

JAMIE H. WHITELOCK
SENIOR STAFF ATTORNEY

KYLE T. JONES
STAFF ATTORNEY

SARAH E. CLOUSE
STAFF ATTORNEY

December 19, 2014

**VIA CM/ECF & FACSIMILE (212-805-7986)**

The Honorable Paul G. Gardephe
U.S. District Court for the Southern District of New York
40 Foley Square, Room 2204
New York City, New York 10007

  Re: Case No. 14 Misc. 00193 – *Securities and Exchange Commission v. Committee on Ways and Means of the U.S. House of Representatives and Brian Sutter*

Dear Judge Gardephe:

  We represent Respondents (i) the Committee on Ways and Means (the "Committee") of the U.S. House of Representatives (the "House"), and (ii) Brian Sutter. We write, out of an abundance of caution, to inform the Court that Mr. Sutter voluntarily has resigned his position with the Committee, and is no longer employed by the House, effective December 16, 2014.

  Mr. Sutter's departure from the House is not material to any of the arguments of the Committee or Mr. Sutter. This includes the "exceptional circumstances" argument. *See* Resp'ts' Consol. . . . Mem. . . . at 39-45 (July 4, 2014) (ECF No. 15); Resp'ts' Reply . . . at 17-20 (July 25, 2014) (ECF No. 24). That argument applies to both current and former government officials, as noted in cases – including controlling authority – already briefed to this Court. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (applying doctrine to former deputy mayor); *McNamee v. Massachusetts*, No. 12-cv-40050, 2012 WL 1665873, at *2 (D. Mass. May 10, 2012) (applying doctrine to former chief of staff).[*]

---

[*] *See also, e.g.*, Mem. Op. & Order at 6, *Moriah v. Bank of China Ltd.*, No. 1:12-cv-01594-SAS (S.D.N.Y. Dec. 17, 2014) ("This doctrine [the exceptional circumstances doctrine] applies to both current and former high-ranking officials." (citing *Lederman*)); *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 318 (D.N.J. 2009) ("[T]his Court finds no reversible error in the magistrate judge's ruling that [the doctrine] applies to former high-ranking government officials."); *United States v. Wal-Mart Stores, Inc.*, No. 01-cv-00152, 2002 WL 562301, at *3 (D. Md. Mar. 29, 2002) ("'Former high-ranking government administrators, whose past official conduct may potentially implicate them in a significant number of related legal

(*Continued* . . .)

Hon. Paul G. Gardephe
December 19, 2014
Page 2

      The Committee and Mr. Sutter do not consider further briefing necessary or appropriate, but stand ready to provide it if useful to this Court.

      Thank you for your attention.

                                    Sincerely,

                                    William Pittard

cc:     All Counsel of Record (*via CM/ECF*)

---

actions, have a legitimate interest in avoiding unnecessary entanglements in civil litigation. That interest obviously survives leaving office . . . .'" (quoting *Arnold Agency v. W. Va. Lottery Comm'n*, 526 S.E.2d 814, 830 (W. Va. 1999))); *id.* ("If the immunity [the doctrine] affords is to have any meaning, the protections must continue upon the official's departure from public service.").