

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, STE 400
NEW YORK, NY 10281-1022

MICHAEL D. BIRNBAUM
TELEPHONE: (212) 336-0523

December 23, 2014

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **SEC v. The Committee on Ways and Means
of the U.S. House of Representatives, et al. (14 Misc. 00193) (PGG)**

Dear Judge Gardephe:

    We write on behalf of the Securities and Exchange Commission ("Commission") to respond to the December 19, 2014 letter ("Letter") submitted by the Committee on Ways and Means of the U.S. House of Representatives ("Committee") alerting the Court that Brian Sutter no longer works for the Committee.

    Contrary to the Committee's claim that "Mr. Sutter's departure from the House is not material to any of the arguments of the Committee or Mr. Sutter" (Letter at 1), Mr. Sutter's resignation undermines the primary justification the Committee initially offered to prevent the Commission from taking Mr. Sutter's testimony. In its memorandum of law responding to the Commission's application to enforce its subpoenas, the Committee argued that Mr. Sutter should not be required to testify because government officials "have greater duties and time constraints than other witnesses" and requiring such testimony would lead to "the impairment of their official responsibilities." *See* Committee's July 4, 2014 Mem. of Law, DE 15, at 39 (citing *Lederman v. N.Y. City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (additional citation omitted)). For the reasons set forth in the Commission's Moving and Reply Memoranda of Law, the Commission's subpoena for Mr. Sutter's testimony should be enforced regardless of Mr. Sutter's current employment status. *See* Moving Mem., DE 2, at 24-25; Reply Mem., DE 21, at 27-30. Mr. Sutter's resignation only weakens the Committee's objections.

    This District reaffirmed the distinction between current and former high-ranking officials just last week in *Moriah v. Bank of China Limited, No.* 12 Civ. 1594 (SAS), 2014 WL 7183962 (S.D.N.Y. Dec. 17, 2014). The Committee cites *Moriah* for the proposition that the "exceptional circumstances doctrine" applies to both current and former high-ranking officials. Letter at 1

n.1. But in the sentence immediately following the language the Committee quotes, the Court explained that "[a]lthough the doctrine applies to former officials, <u>the fact that they are not current high-ranking officials is a factor</u> when considering whether the information can be obtained through less burdensome means and whether the deposition will interfere with the official's government duties." *Moriah*, 2014 WL 7183962, at *2 (emphasis added). Only after finding that plaintiffs failed to demonstrate Former House Majority Leader Eric Cantor had any "unique first-hand knowledge related in any manner to this litigation" did the Court hold that plaintiff should not be permitted to depose Mr. Cantor. *Id.*

Where former government officials possess the kind of personal knowledge Mr. Sutter does here, courts routinely require those former officials to sit for testimony in part because such discovery will not hinder any governmental functions. For example, when former New York Governor Mario Cuomo argued that he should not be subjected to a deposition due to his status as a high-ranking government official, the Court found his argument "lacks merit" because he was no longer governor. *Sanstrom v. Rosa*, No. 93 Civ. 7146 (RLC), 1996 WL 469589, at *5 (S.D.N.Y. Aug. 16, 1996). The Court explained: "It is true that when the witness sought to be deposed is a high-level government official, a party must show both the need for the deposition and that it will not hinder governmental functions. However, because Mr. Cuomo is no longer governor, he cannot claim this privilege." *Id.*[1] *See also Toussie v. Cty. of Suffolk*, No. CV 05-1814 (JS)(ARL), 2006 WL 1982687 (E.D.N.Y. July 13, 2006) (permitting deposition of former County Executive, as "[g]enerally, the depositions of former government officials are granted where the official has been personally involved in the events at issue in the case") (citing *Sanstrom*)). Former New York Governor George Pataki was likewise required to testify despite his status as a former governor where there existed open questions as to whether Governor Pataki had personal knowledge of relevant facts. *See Victory v. Pataki* No. 02-CV-0031S (Sr), 2008 WL 4500202, at *2 (W.D.N.Y. Sep. 30, 2008) ("There can be no question … that a deposition of a former official can no longer pose the risk of interfering with governmental duties.").

Here, even assuming Mr. Sutter were sufficiently high-ranking for the *Morgan* doctrine to apply—which he was not (*see* DE 2, at 24-25; DE 21, at 29)—Mr. Sutter can no longer claim *any* government duties with which his appearing for testimony might interfere, and he continues to possess personal knowledge about this matter that warrant the taking of his testimony. *See* DE 2 at 25; DE 21 at 29-30.

---

[1] The West Virginia state court opinion the Committee cites, *Arnold Agency v. West Virginia Lottery Commission*, 526 S.E.2d 814 (W. Va. 1999), cites *Sanstrom* as the "one case that specifically addresses the issue of whether a former high-ranking government official may assert his or her previous position as a basis for avoiding an oral deposition." *Id.* at 830. The *Arnold Agency* court specifically noted its agreement with the Southern District of New York that there is "a marked difference between current and former government officials in terms of the likely frequency and onerousness of discovery requests" before finding that the evidentiary record before it was insufficient to conclude that former Governor Gaston Caperton had relevant personal knowledge sufficient to warrant an oral deposition). *Id.*

Accordingly, and for the reasons set forth in the Commission's prior submissions,[2] the Commission respectfully requests that its subpoena to take Mr. Sutter's testimony be enforced.

Respectfully submitted,

Michael D. Birnbaum

cc: Counsel for Respondents (Via ECF)

---

[2] As set forth in the Commission's previous submissions, Mr. Sutter's personal knowledge of key facts, the disconnect between the subject of Mr. Sutter's proposed testimony and any official action by the Committee, and his role as something less than a "high" ranking official, all favor permitting the Commission to take Mr. Sutter's testimony regardless of his resignation. By this letter, the Commission seeks only to address the Committee's contention that Mr. Sutter's resignation is not material to the Court's consideration of this issue.