KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

TODD B. TATELMAN
ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY HAMM
ASSISTANT COUNSEL

JAMIE H. WHITELOCK
SENIOR STAFF ATTORNEY

KYLE T. JONES
STAFF ATTORNEY

SARAH E. CLOUSE
STAFF ATTORNEY

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

December 31, 2014

**VIA CM/ECF & FACSIMILE (212-805-7986)**

The Honorable Paul G. Gardephe
U.S. District Court for the Southern District of New York
40 Foley Square, Room 2204
New York City, New York 10007

    Re:    Case No. 14 Misc. 00193 – *Securities and Exchange Commission v. Committee on Ways and Means of the U.S. House of Representatives and Brian Sutter*

Dear Judge Gardephe:

    We write on behalf of Respondents Brian Sutter and the Committee on Ways and Means briefly to respond to the arguments made in the December 23rd letter submitted by the Securities and Exchange Commission ("Commission").

    The "exceptional circumstances" doctrine applies to both current and former government officials. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). The Commission does not dispute this. Instead, the Commission repeats its assertion that its deposition subpoena should be enforced due to Mr. Sutter's alleged "personal knowledge."

    The Commission's vague "personal knowledge" assertion ignores that the exceptional circumstances doctrine requires more. As the party seeking to depose a former official, the Commission bears the burden of establishing not merely personal knowledge but rather that Mr. Sutter has *unique* personal knowledge that is necessary or essential to the Commission's investigation. *See* Resp't's Consolidated . . . Resp. . . . [&] Mem. . . . . at 40-44 (July 4, 2014) (ECF No. 15) ("Respondents' Brief"); *see also Marisol A. v. Giuliani*, No. 95-cv-10533, 1998 WL 132810, at *3 (S.D.N.Y. Mar. 23, 1998) ("The first prong of [the exceptional circumstances] standard, which requires the deposition be necessary to obtain relevant information not available from other sources, is strictly imposed."). Here, the Commission cannot meet its burden. As explained in Respondents' earlier brief, Mr. Sutter already has disclosed to the Commission, through an attorney proffer, that he does not have any information about who, if anyone, at the U.S. Centers for Medicare and Medicaid Services ("CMS") may have leaked the contents of its rate announcement and whether, and if so how, a particular lobbyist may have come by that information. Resp't's Br. at 42. For this reason, the Commission has not demonstrated, and

Hon. Paul G. Gardephe
December 31, 2014
Page 2

cannot demonstrate, that Mr. Sutter possesses any information necessary or essential to its investigation and, therefore, the Commission should direct its attention elsewhere: e.g., to employees of CMS who would have first-hand knowledge of the events in question, and/or to the relevant lobbyist.

The cases cited by the Commission, in which a former official was subjected to a deposition, support Respondents' position. In those cases, the subpoenaing party had alleged that the former official had personal involvement in the underlying claim; the information sought was therefore necessary or essential to the case. *See Sanstrom v. Rosa*, No. 93-cv-07146, 1996 WL 469589, at *5 (S.D.N.Y. Aug. 16, 1996) (allowing deposition of defendant, former Governor Cuomo, to proceed where "it is critical that the plaintiffs prove Governor Cuomo's personal involvement in order to recover damages"); *Toussie v. Cnty. of Suffolk*, No. 05-cv-01814, 2006 WL 1982687, at *2 (E.D.N.Y. July 13, 2006) (allowing deposition of defendant, a former county executive, to proceed in action alleging that plaintiffs' civil rights were violated when they were denied the ability to purchase land parcels at public auction where complaint alleged that former executive "directly interfered with the plaintiffs' ability to purchase property"); *Victory v. Pataki*, No. 02-cv-00031, 2008 WL 4500202, at *2 (W.D.N.Y. Sept. 30, 2008) (allowing deposition of defendant, former Governor Pataki, to proceed where "the Court [was] of the opinion that it is necessary for plaintiff to depose former Governor Pataki to lay to rest lingering questions regarding his possible involvement in the highly unusual series of events surrounding plaintiff's grant of parole and its subsequent rescission").\* This is why we advised the Court in our December 19th letter, and why we reiterate, that Mr. Sutter's resignation is not material to the exceptional circumstances argument raised by Mr. Sutter and the Committee.

For the reasons set forth above and in our prior submissions, the Commission's deposition subpoena should be quashed.

---

\* Notably, each of these cases pre-dates the Second Circuit's 2013 *Lederman* decision, in which the Circuit concluded that the lower court had not abused its discretion in granting a protective order barring the deposition of a former local official where "plaintiffs did not demonstrate exceptional circumstances. They did not identify with particularity the information they needed, nor did they contend that . . . [the former local official] had first-hand knowledge about the litigated claims or that the relevant information could not be obtained elsewhere." 731 F.3d at 203-04.

Hon. Paul G. Gardephe
December 31, 2014
Page 3

       Thank you for your attention.

                                                Sincerely,

                                                William Pittard

cc:      All Counsel of Record (*via CM/ECF*)