KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

TODD B. TATELMAN
SENIOR ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY HAMM
ASSISTANT COUNSEL

SARAH E. CLOUSE
SENIOR STAFF ATTORNEY

SARAH K. CURRAN
STAFF ATTORNEY

**U.S. HOUSE OF REPRESENTATIVES**
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

October 9, 2015

**VIA S.D.N.Y. CM/ECF**

The Honorable Paul G. Gardephe
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York City, New York 10007

> Re:  *S.E.C. v. Committee on Ways and Means of the U.S. House of Representatives and Brian Sutter*, **Case No. 1:14-mc-00193 (PGG)**

Dear Judge Gardephe:

On behalf of Respondents (i) the Committee on Ways and Means of the United States House of Representatives ("Committee"), and (ii) Brian Sutter, we write in response to the Securities and Exchange Commission's October 5, 2015 letter. *See* Ltr. from Richard G. Primoff, Esq. to Hon. Paul G. Gardephe (Oct. 5, 2015) (ECF No. 33) ("SEC Letter").

The SEC trumpets an interlocutory decision from the District of New Jersey: *United States v. Menendez*, No. 15 Cr. 155 (WHW), 2015 WL 5682403 (D.N.J. Sept. 28, 2015). In *Menendez*, an individual Member of Congress – not a congressional committee or committee staff-person, as here – invoked the Speech or Debate Clause in moving to dismiss an indictment. *See* 2015 WL 5682403, at *1. The district court denied the motion to dismiss, *see id.* at *1-18 (parsing alleged Member conduct as non-policy-oriented activity – e.g., constituent service – rather than legislative activity), and the defendant Member now has announced his intention to take an immediate appeal, *see, e.g.*, Carrie Johnson, *Judge Throws Out 4 Bribery Charges In Sen. Menendez Case*, npr.org (Sept. 28, 2015), http://www.npr.org/sections/itsallpolitics/2015/09/28/444257583/judge-throws-out-4-bribery-charges-against-sen-menendez; *Menendez*, 2015 WL 5682403, at *1 ("[This] decision is subject to immediate appeal." (citation omitted)).

The *Menendez* decision (even assuming it was correctly decided in the context of the law of its own circuit, a proposition on which we do not comment here) has no bearing on the instant case, for reasons already explained in the briefs filed by the Committee and Mr. Sutter.

*First*, the searching review engaged in by the *Menendez* court is decidedly contrary to the law of this, and most, Circuits. *See, e.g.*, Resp'ts' . . . Mem. in Supp. of Mot. to Dismiss . . . at 29-31 (July 4, 2014) (ECF No. 15) ("Respondents' Memorandum") (citing, among other authority, *U.S. v. Biaggi*, 853 F.2d 89, 103 (2d Cir. 1988), in which Second Circuit – even in context of case involving individual legislator, unlike here – emphasized narrow nature of

Hon. Paul G. Gardephe
October 9, 2015
Page 2

relevant inquiry: "[T]he Speech or Debate Clause forbids not only inquiry into acts that are manifestly legislative but also inquiry into acts that are purportedly legislative 'even to determine if they are legislative in fact' . . . ." (quoting *U.S. v. Dowdy*, 479 F.2d 213, 226 (4th Cir. 1973))); Resp'ts' Reply . . . in Supp. of Mot. to Dismiss . . . at 10-13 & n.7, 16-17 (July 25, 2014) (ECF No. 24) ("Respondents' Reply") (citing additional authority to same effect, including *MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 862-63 (D.C. Cir. 1988): "[E]ven though the language of the subpoenas is broad enough to encompass documents that do not relate to the [subpoenaing party's] stated [improper] objective, the effect of their literal enforcement would be to authorize a fishing expedition into congressional files. For a court to authorize such open-ended discovery . . . would appear inconsistent with the comity that should exist among the separate branches . . . . [and] would also be inconsistent with Supreme Court decisions . . . .").

*Second*, the *Menendez* decision arose in the context of the actions of an individual Member – rather than, as here, a committee or committee staff-person. *See, e.g.*, Resp'ts' Reply at 12 & n.7, 16-17 (noting that, in context of assertion of Speech or Debate Clause privilege by *individual Member*, courts necessarily must determine whether particular official conduct is legislative versus merely constituent service, and further noting that, in circumstances of *congressional committee* conduct, as here, conduct is necessarily legislative because such committees exist solely to conduct such activity); Resp'ts' Mem. at 37 (making same point).

*Finally*, the *Menendez* decision is of no aid to the SEC because, even if the searching inquiry envisioned by the SEC were the law of this Circuit (as it is not), and even if it were the law even in the context of a congressional committee as opposed to an individual Member (as, again, it is not), here the factual record confirms that the relevant Committee activity in fact was legislative (as, indeed, it only could be). *See, e.g.*, Resp'ts' Mem. at 4-7 (providing overview of relevant Committee legislative activity, with supporting citations); *id.* at 29-39 (applying Clause in light of that factual background); Resp'ts' Reply at 16-17 & n.11 (refuting SEC effort to identify any part of Committee activity as other than legislative).[1]

---

[1] In a footnote, the SEC belatedly cites an additional "new authority": *In re Fattah*, No. 14-3752, 2015 WL 5131568 (3d Cir. Sept. 2, 2015) (petition for en banc rehearing forthcoming). *See* SEC Ltr. at 2 n.1. That decision adopts a position never argued by the SEC: that, in the discovery context (and that context alone), the Speech or Debate Clause protection applies to oral statements but not written ones. *See, e.g.*, *In re Fattah*, 2015 WL 5131568, at *6-8. *Fattah* has no applicability here for at least the following reasons (reasons in addition to those stated in the text above): (i) it did not involve compulsion directed toward a Legislative Branch official but, instead, a private third party (and, indeed, the *Fattah* decision reiterates the absolute immunity afforded by the Clause in a lawsuit directed toward a Legislative Branch entity or official, as here, *see id.* at *6), (ii) it did not involve compelled testimony, as demanded by the SEC here (and, indeed, the *Fattah* decision again reiterates the absolute immunity afforded by the Clause to such testimony, *see id.*), and (iii) it offers nothing new in that the Third Circuit, rather than engage in any substantive Speech or Debate Clause analysis, simply declined to reconsider certain (strange, and incorrect) earlier precedent in that Circuit holding that the Clause, in a single circumstance, applies differently to documents than to testimony, *see id.* at *4.

Hon. Paul G. Gardephe
October 9, 2015
Page 3

Sincerely,

William Pittard

cc:      Counsel for Applicant (via CM/ECF)